UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

COMMERCIAL LENDER, LLC,

                              Plaintiff,

        -against-

DANIELLE M. DeVIVO, GEORGE GOURNELOS,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., solely as nominee for EMBRACE
HOME LOANS, INC., JOSEPH MARASCIA,
Individually and as Executor of the Estate of Jeanette
Marascia, JOHN MARASCIA, A GOOD DEED, LLC,
and THOMAS LAROUNIS as escrow agent,

                              Defendants.
-----------------------------------------------------------------X

**FILED**
**CLERK**

4:26 pm, Dec 18, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM &**
**ORDER**
CV 22-6443 (GRB)(AYS)

**GARY R. BROWN, United States District Judge:**

Presently before the Court is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) by

defendants Danielle DeVivo, George Gournelos, and Federal Home Loan Mortgage Corporation

as the proper party in interest and the holder of the mortgage previously held by Mortgage

Electronic Registration Systems, Inc., solely as nominee for Embrace Home Loans, Inc.

("defendants").[1]  Docket Entry ("DE") 60.  For the reasons stated herein, that motion is

**GRANTED**.

        **Background**

The following allegations are drawn from the amended complaint and taken as true solely

for the purposes of deciding this motion.

In May 2020, John and Joseph Marascia inherited their mother's house, located at 40

LaRue Drive in Huntington, NY 11743 (the "premises").  Amended Complaint, DE 34 ¶ 2, 16-

---

[1] The claims against all other defendants in this case are unaffected by this order.

19.  At that time, OneWest Bank was pursuing a foreclosure action against the premises based on unpaid mortgage obligations.  *Id.* ¶ 14-15.  John and Joseph Marascia entered an agreement with plaintiff Commercial Lender, LLC to secure a new loan that was intended to pay off the OneWest mortgage, prevent the foreclosure, and permit the Marascias to sell the premises.  *Id.* ¶ 23-25.  The brothers represented that title to the premises had been transferred to A Good Deed, LLC, of which John Marascia was the sole member; plaintiff agreed to provide the loan in exchange for A Good Deed granting a mortgage on the property.  *Id.* ¶ 22-24.  Although plaintiff released $534,750 of the loan proceeds on October 14, 2021, which were used to satisfy the OneWest mortgage, plaintiff discovered that the deed to A Good Deed "was never signed or recorded."  *Id.* ¶ 22, 25.  After the disbursement, "Joseph [Marascia], acting individually and as Executor of the Estate, fraudulently refused to sign the October 14, 2021, deed to A Good Deed, LLC in order to unjustly enrich the Estate, himself and John [Marascia] and thereby rendered fraudulent John's October 14, 2021, representation of title in A Good Deed."  *Id.* ¶ 26.

In March 2022, Joseph, who still held title to the premises, sold the property to defendants Danielle DeVivo and George Gournelos, who received their own mortgage from defendant MERS acting as nominee for Embrace Home Loans in the amount of $628,000.  *Id.* ¶ 4, 29-30.  None of the proceeds from this sale were paid to plaintiff.  *Id.* ¶ 32.  Defendants "DeVivo and Gournelos had actual and/or constructive notice of the October 14, 2021, unsigned deed, and the intended conveyance of title [to A Good Deed] that it memorialized" because the initial land sale contract listed A Good Deed as the owner of the premises; despite this, defendants DeVivo and Gournelos proceeded with the purchase directly from the Marascias, without the involvement of A Good Deed.  *Id.* ¶ 36.  Defendants' mortgage was recorded on May 17, 2022.  *Id.* ¶ 33.  Plaintiff's mortgage was recorded on June 30, 2022.  *Id.* ¶ 40.

2

Plaintiff filed suit in this Court on October 24, 2022, asserting numerous claims against various defendants, including fraud and unjust enrichment against John and Joseph Marascia. Against Danielle DeVivo, George Gournelos, and Mortgage Electronic Registration Systems, Inc., solely as nominee for Embrace Home Loans, Inc.,[2] plaintiff brings claims for quiet title under Article 15 of the New York Real Property Actions and Proceedings Law ("RPAPL"), equitable subrogation, equitable lien, and constructive trust.   On May 23, 2023, defendants filed the instant motion to dismiss, DE 60, and supporting memorandum, DE 60-2.   Plaintiff filed a memorandum in opposition, DE 61-14, and defendants filed a reply in further support, DE 62-1.

**Discussion**

*Standard of Review*

Motions to dismiss are decided under the well-established standard of review for such matters, as discussed in *Burris v. Nassau County District Attorney*, No. 14-5540 (JFB) (GRB), 2017 WL 9485714, at *3-4 (E.D.N.Y. Jan. 12, 2017), *adopted by* 2017 WL 1187709 (E.D.N.Y. Mar. 29, 2017), and incorporated by reference herein.   The gravamen of that standard, of course, is the question of whether, assuming the allegations of the complaint to be true solely for the purposes of the motion, the complaint sets forth factual material to render the claims plausible. *See id.*

*Quiet Title*

Plaintiff's first claim is for quiet title to the premises under RPAPL Article 15.   In such an action, "the plaintiff need only plead its claim to an estate or interest in land and defendant's adverse claim."  *W. 14th St. Comm. Corp. v. 5 W. 14th Owners Corp.*, 815 F.2d 188, 196 (2d Cir. 1987).   A party without any interest in the subject property is unable to bring a quiet title action.

---

[2] Embrace Home Loans, Inc.'s mortgage was subsequently acquired by Federal Home Loan Mortgage Corporation, which is recognized as the proper party in interest. *See* DE 61 ¶ 1.

*See, e.g.*, *Soscia v. Soscia*, 35 A.D.3d 841, 843 (2d Dep't 2006).  This holds true even if the party received an instrument purporting to transfer a property interest that is acknowledged to be legally ineffective.  *See Riley v. Rivers*, No. 15-CV-5022 (RLM), 2016 WL 11263672, at *6 (E.D.N.Y. Sept. 19, 2016), *report and recommendation adopted*, No. 15-CV-5022 (DLI)(RLM), 2017 WL 1093193 (E.D.N.Y. Mar. 23, 2017), *aff'd*, 710 F. App'x 503 (2d Cir. 2018) (dismissing quiet title action because "plaintiff fails to allege any facts, apart from the pleading's reference to the legally ineffective quitclaim deed, that she is the legal owner of said property").  Most importantly, a piece of property cannot be mortgaged by a party that does not own it.  *See Lucas v. J & W Realty & Const. Mgmt., Inc.*, 97 A.D.3d 642, 643 (2d Dep't 2012) ("[S]ince Bedard did not acquire valid title to the subject property on October 16, 2008, he could not give Golden a valid mortgage interest in the property on that date.").

Here, plaintiff's alleged property interest stems from an agreement with A Good Deed that purported to grant plaintiff a mortgage in the premises.  However, plaintiff acknowledges there was no legally effective conveyance because Joseph Marascia never signed the deed transferring the property to A Good Deed, DE 34 ¶ 26, so as in *Lucas*, it was not possible for plaintiff to acquire a mortgage interest in the premises, *see* 97 A.D.3d at 643.  Therefore, plaintiff fails to allege a property interest that could serve as a basis for a quiet title claim, and that cause of action is dismissed.[3]

---

[3] In its memorandum in opposition to defendants' motion, plaintiff focuses on the similar but distinct issue of whether defendants were "bona fide purchasers" entitled to protection under the New York recording statute as described in RPAPL § 266.  *See* DE 61-14 at 7-8.  However, the Second Circuit has clearly stated that "plaintiff need not plead the 'invalidity' of defendant's claim" in a quiet title action, so whether defendants were *bona fide* purchasers is ultimately irrelevant at this stage.  *W. 14th St. Comm. Corp.*, 815 F.2d at 196.

*Equitable Subrogation*

Plaintiff's second cause of action is for equitable subrogation, a remedy available when the "property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred." *King v. Pelkofski*, 20 N.Y.2d 326, 333 (1967).

Here, plaintiff fails to allege that its property was used to discharge an obligation owed by defendants and therefore also cannot establish that defendants were unjustly enriched. Plaintiff states that the funds it distributed to John and Joseph Marascia were used to pay off the OneWest mortgage and prevent foreclosure.  DE 34 ¶ 25.  Notably, since the premises were unencumbered by the OneWest mortgage at the time defendants acquired it, defendants were never liable for that obligation.  Instead, all the allegations in this case indicate that defendants paid a fair price in an arms-length transaction with John and Joseph Marascia for a piece of property with no prior encumbrances, as evidenced by the $628,000 loan defendants DeVivo and Gournelos took out to purchase the premises.  *See* DE 34 ¶ 30.  Defendants have not been unjustly enriched here,[4] and indeed, applying equitable subrogation on these facts would subject defendants to the type of "unfair result" the doctrine is meant to address.  *See Hytko v. Hennessey*, 62 A.D.3d 1081, 1085 (3d Dep't 2009) (explaining that the purpose of equitable subrogation is "to shift a debt or obligation to a party who more properly should be accountable in order to prevent unjust enrichment or an unfair result").  Accordingly, plaintiff's equitable subrogation claim is dismissed.

---

[4] Plaintiff appears to implicitly acknowledge this fact by asserting its unjust enrichment claim only against John and Joseph Marascia and their mother's estate.

*Equitable Lien*

Plaintiff's third claim requests an equitable lien, specifically, an equitable mortgage. This remedy is appropriate only when the parties intended to make a legally enforceable mortgage that "fails for the want of some solemnity." *See Canandaigua Nat. Bank & Tr. Co. v. Palmer*, 119 A.D.3d 1422, 1423 (4th Dep't 2014) (quoting *Hamilton Tr. Co. v. Clemes*, 163 N.Y. 423, 428 (1900)).  Like equitable subrogation, the purpose of an equitable lien is to "prevent the owner of the property from being unjustly enriched." *Reisner v. Stoller*, 51 F. Supp. 2d 430, 453 (S.D.N.Y. 1999).

In this case, there is no plausible allegation that the parties intended to create a mortgage. Although plaintiff contracted with A Good Deed to receive a mortgage on the premises, defendants were not involved with that transaction.  In fact, defendants do not appear to have had any interaction with plaintiff before this suit was commenced.  In the absence of any business relationship, the parties obviously could not have intended to create a mortgage, precluding the creation of an equitable mortgage.  Also, as described above, defendants have not been unjustly enriched, obviating the justification for any type of equitable lien.  Accordingly, plaintiff's equitable lien claim is dismissed.

*Constructive Trust*

The final claim at issue is plaintiff's seventh cause of action, asserted against defendants DeVivo and Gournelos, requesting that the Court impose a constructive trust over the premises. "[A] constructive trust may be imposed when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest." *Sharp v. Kosmalski*, 40 N.Y.2d 119, 121 (1976) (internal quotations omitted).  Traditionally, four elements were required: "(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in

reliance thereon and (4) unjust enrichment." *Id.*  More recently, courts have applied the remedy flexibly even when not every element is met, but the four factors still provide "important guideposts."  *In re Koreag, Controle et Revision S.A.*, 961 F.2d 341, 352 (2d Cir. 1992).

Imposing a constructive trust is entirely unwarranted here.  This is not a case where one of the four elements is missing; rather, plaintiff has failed to adequately allege that *any* element has been satisfied.  Plaintiff concedes that there was no relationship, much less a confidential or fiduciary relationship, between it and defendants prior to the commencement of this lawsuit.  *See* DE 61-14 at 12.  This also negates any possibility that defendants made a "promise" to plaintiff, and even if such a promise existed, plaintiff clearly did not rely on it, as its only transfer of funds occurred on October 14, 2021, more than four months before defendants purchased the premises. *See* DE 34 ¶ 25, 29-30.  Finally, as explained in detail above, defendants were not unjustly enriched by their purchase of the premises in an arms-length transaction.  Since none of the elements that would support imposing a constructive trust are present here, that claim is dismissed.

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss is **GRANTED** in its entirety.

**SO ORDERED.**

Dated: Central Islip, New York
   December 18, 2023

           **/s/ Gary R. Brown**
           GARY R. BROWN
           United States District Judge